IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRENDA C. ARMSTEAD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MILES G. CLARK, et al., )<br>)<br>Defendants. ) | CASE NO. 2:22-cv-715-RAH-JTA<br>(WO) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On December 21, 2022, *pro se* Plaintiff Brenda C. Armstead filed this action against Defendants Miles G. Clark, Maxine Burke Clark, Beverly Clark Conley, and George W. Bush, Jr. For the reasons explained below, the undersigned recommends that this case be dismissed for failure to prosecute and failure to comply with court orders.

### I. JURISDICTION

The complaint does not contain allegations sufficient to establish jurisdiction and or personal jurisdiction. Venue appears proper pursuant to 28 U.S.C. § 1391(b)(2).

### II. STANDARD OF REVIEW

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Consistent with this authority, and also pursuant

to Rule 41(b)[1] of the Federal Rules of Civil Procedure, "the court may dismiss a plaintiff's action *sua sponte* for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure or a court order." *Centurion Sys., LLC v. Bank of New York Melon*, No. 8:21-CV-726-SDM-AAS, 2021 WL 7448071, at *1 (M.D. Fla. Aug. 12, 2021) (citing *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)), *report and recommendation adopted sub nom. Centurion Sys., LLC v. Bank of New York Mellon*, No. 8:21-CV-726-SDM-AAS, 2021 WL 7448080 (M.D. Fla. Aug. 27, 2021). "'The power to invoke this sanction [of dismissal for failure to prosecute] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourt.'" *Equity Lifestyle*, 556 F.3d at 1240 (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967)).[2]

Whether to dismiss a complaint under Rule 41(b) "is a matter committed to the district court's discretion." *Id.* at 1240 n.14 (citing *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999)). "The legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay or willful contempt and a finding that lesser

---

[1] Though Rule 41(b) refers specifically to dismissal on a defendant's motion, "[a] federal district court has the inherent power to dismiss a case *sua sponte* under Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with a court order." *Rodriguez v. Lawson*, 848 F. App'x 412, 413 (11th Cir. 2021) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005)).

[2] *In Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (quoting *Jones*, 709 F.2d at 1458).

### III. PROCEDURAL HISTORY

Plaintiff filed her Complaint (Doc. No. 1) on December 21, 2022. In it, Plaintiff alleges, among other things, that Defendants are housing guests who are "sick" and "contagious" with "CMV and Polio" in a certain Montgomery, Alabama hotel. (Doc. No. 1 at 3.) In addition, she states that Defendants "are involved in stalking/cyberstalking increasing EMR Radiation Levels that will cause *structural* damage to [the hotel] that is currently involved in renovations." (*Id*. (emphasis in original).) Plaintiff alleges that, due to the stalking and cyberstalking activities of Defendants, she has suffered the following injuries: "Mutilation of extremities – *severed* toe nail at the base of the nail, left foot, large toe, along with burns and swelling of other toes and both feet." (*Id*. (*sic*; emphasis in original).) Plaintiff also makes other allegations against Defendants which the court will not reproduce here, as they are potentially scandalous and dismissal of the case will prevent Defendants from answering them.

When she filed her Complaint, Plaintiff neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*. *See Frith v. Curry*, 812 F. App'x 933, 935 (11th Cir. 2020) ("Although we construe *pro se* pleadings liberally, *pro se* litigants are nonetheless expected to comply with procedural requirements."); *see also* 28 U.S.C.A. § 1914 (requiring payment of the filing fee); 28 U.S.C.A. § 1915 (providing procedures for parties to proceed *in forma pauperis* without prepayment of the filing fee).

On December 27, 2022, the Clerk of the Court provided notice to Plaintiff that she failed to include a proposed summons with the complaint, instructed her to file a proposed summons "as soon as possible," and provided instructions for how to request waiver of service. (Doc. No. 2.) *See* Fed. R. Civ. P. 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal.").

On December 28, 2022, the court entered the following Order:

> This case has been referred to the undersigned Magistrate Judge for further proceedings and determination or recommendation. (Doc. No. 3.) After a review of this matter, the Court finds that at the time of filing, Plaintiff did not pay the filing and administrative fees, nor did she file an application for leave to proceed *in forma pauperis*. Thus, Plaintiff has failed to provide the Court with the information necessary to determine whether she should be permitted to proceed without prepayment of fees. Without prepayment of the required fees or the granting of *in forma pauperis status*, this case cannot proceed before the Court. Accordingly, it is
>
> ORDERED that on or before **January 17, 2023**, Plaintiff must either pay the $402.00 filing fee or file an application for leave to proceed *in forma pauperis*.
>
> Plaintiff is CAUTIONED that, if she fails to comply with this Order, the undersigned Magistrate Judge will recommend dismissal of this case.
>
> To aid Plaintiff in complying with this Order, the Clerk is DIRECTED to provide Plaintiff with an application for leave to proceed *in forma pauperis*.

(Doc. No. 4 (emphasis on original).)

Also on December 28, 2022, Plaintiff filed a document indicating that she was "getting ready to leave" Alabama because she was being stalked by Defendants and others with "mad cow disease," and that a certain third-party individual in California was "using witchcraft" and "killing Montgomery, AL." (Doc. No. 5.) Plaintiff requested that the court "stop him" and "have him tested." (*Id.* at 2.) The return address on this filing is the same

4

address as Plaintiff had previously provided to the Clerk and to which the Clerk sent copies of the court's orders.

On January 5, 2023, the copies of the Clerk's notice (Doc. No. 2) and the December 27, 2022 Order (Doc. No. 3) that had been mailed to Plaintiff at the address she provided were returned to the court as undeliverable with the following notation: "Return to Sender; Not Deliverable as Addressed; Unable to Forward." (*See* Docket Sheet.)

Accordingly, on January 23, 2023, the court entered an Order explaining to Plaintiff the potential for dismissal for failing to prosecute this case and for failing to comply with the court's Orders. (Doc. No. 6) The court further ordered as follows:

> [I]t is ORDERED that, on or before **February 7, 2023**, Plaintiff shall
>
> 1.     Notify the court in writing of her current correct mailing address; and
>
> 2.     Show cause why this case should not be dismissed for (a) her failure to comply with the court's orders and (b) her failure to pay the filing fee or file a motion for leave to proceed *in forma pauperis*; and
>
> 3.     Either pay the $402.00 filing fee or file an application for leave to proceed *in forma pauperis*.
>
> ***The plaintiff is specifically advised that if she fails to comply with this order, the court will treat her failure to comply as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned will recommend that this action be dismissed.*** *Frith*, 812 F. App'x at 935 (affirming dismissal without prejudice for the plaintiff's failure to pay the filing fee and to respond to an order to show cause why the filing fee had not been paid).

(Doc. No. 6 at 3-4 (emphasis in original).)

The Docket Sheet reflects that the January 23, 2023 Order (Doc. No. 6) was twice returned to the court as undeliverable. *See* Docket Sheet. Plaintiff has not complied with that Order and has not filed anything in this case since December 28, 2022.

## IV. ANALYSIS

The court has considered Plaintiff's statement that she was leaving Alabama, her failure to provide a forwarding address at which she may receive correspondence from the court, her failure to prosecute this case since December 28, 2022, and her failure to comply with the court's orders. The court has also considered that, at least twice, Plaintiff was warned of the consequence of dismissal for failing to comply with court orders and failing to prosecute the case. (Doc. No. 4 at 1; Doc. No. 6.) In light of those considerations, the court concludes that this case is due to be dismissed, pursuant to the court's inherent powers to manage its docket and pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute and for failure to comply with the court's orders. The record supplies a clear record of delay caused by Plaintiff's continued failure to respond to court orders and to prosecute the case. Given Plaintiff's statement that she planned to leave the state and her failure to provide a forwarding address, there is nothing in the record upon which to find any reasonable hope that Plaintiff will return and prosecute this case. Without Plaintiff's participation in the case, there exists no feasible alternative to dismissal.

Accordingly, dismissal without prejudice is appropriate. *See Jones v. Chilton Cnty. Jail*, No. 2:22-CV-450-WKW-CSC, 2022 WL 4361832, at *1 (M.D. Ala. Aug. 19, 2022), *report and recommendation adopted*, No. 2:22-CV-450-WKW, 2022 WL 4357446 (M.D. Ala. Sept. 20, 2022) ("Because Plaintiff has failed to pay the requisite fees or move to

proceed in forma pauperis, and because Plaintiff has not provided the Court with an address at which he can be reached, the undersigned concludes this case should be dismissed without prejudice.").

V. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure to prosecute and failure to comply with court orders.

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **March 20, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 6th day of March, 2023.

_/s/ Jerusha T. Adams_
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE